**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1650**

DESHANE A. MCCASKEY,

        Plaintiff - Appellant,

    v.

JANA HENRY; YMCA OF GREATER CHARLOTTE,

        Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:10-cv-00390-GCM)

Submitted: November 22, 2011      Decided: January 17, 2012

Before NIEMEYER, AGEE, and KEENAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

DeShane A. McCaskey, Appellant Pro Se. Homer Bernard Tisdale, III, Michael Lawrence Wade, Jr., OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

DeShane A. McCaskey appeals the district court's order granting the Defendants' motion to dismiss her complaint. In her complaint, McCaskey alleged that the Defendants discriminated against her by failing to promote her and by terminating her employment. For the reasons that follow, we affirm in part and vacate and remand in part.

We review de novo the grant of a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Pro se parties' pleadings are to be construed liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (2006). In order to establish a prima facie claim of a discriminatory failure to promote under Title VII, a plaintiff

2

must show that: "(1) she is a member of a protected group, (2) there was a specific position for which she applied, (3) she was qualified for that position, and (4) [her employer] rejected her application under circumstances that give rise to an inference of discrimination." Williams v. Giant Food Inc., 370 F.3d 423, 430 (4th Cir. 2004).

The district court found that McCaskey met the first two elements and declined to rule on the third. It dismissed McCaskey's complaint because it found that she had failed to plead facts that gave rise to an inference of discrimination. We disagree. In her filings, McCaskey, who is black, asserts that she was denied a promised promotion to a supervisory position and that, thereafter, a white female was promoted into the supervisory position. A showing that a member outside of the protected class received a promotion instead of the plaintiff is sufficient to create an inference of discrimination. Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994). McCaskey has thus alleged facts that give rise to an inference of discrimination sufficient to survive a motion to dismiss. We therefore vacate the district court's dismissal of her failure to promote claim.[*] On remand, the district court

---

[*] By this disposition, we indicate no view of the ultimate resolution of McCaskey's claim of discrimination.

3

should determine whether McCaskey sufficiently pleaded that she was qualified for the position.

McCaskey's complaint also alleged that she was wrongfully terminated as a result of racial discrimination. McCaskey's filings state that a black man was promoted to fill her position after her termination. A claim of discriminatory termination requires a showing that the position remained open after the plaintiff's termination or was filled by an applicant outside of the protected class. Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004) (en banc). McCaskey identified racial discrimination as the sole basis of her complaint. The district court properly found that her claim of discriminatory termination fails because a member of her protected class was promoted into her position after her termination.

Accordingly, we affirm the district court's dismissal of McCaskey's wrongful termination claim. We vacate the dismissal of her failure to promote claim and remand so that the district court may rule in the first instance on the alternative grounds set forth in the Defendants' motion to dismiss. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>